**JUSTIN M. BAXTER** , Oregon State Bar ID Number 99217
justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**KEITH D. KARNES** , Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines
1599 State St.
Salem, OR  97309-0829
Telephone (503) 362-9393
Facsimile (503) 362-1375

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NICKALAS BRADSHAW,<br>MEGAN BRADSHAW<br><br>          Plaintiffs,<br><br>   v.<br><br>BAC HOME LOANS SERVICING, LP, a foreign corportation; TRANS UNION, LLC, a foreign company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, EQUIFAX INFORMATION SERVICES LLC, a foreign company.<br>          Defendants. | Case No.<br><br>COMPLAINT<br><br>Fair Credit Reporting Act (15 U.S.C. § 1681); Real Estate Settlement Procedures Act (12 U.S.C. § 2601); Unlawful Debt Collection Practices (ORS 646.639)<br><br>Demand For Jury Trial |

Plaintiffs allege that at all times material:

Page 1 COMPLAINT

1.

This court has jurisdiction pursuant to 15 U.S.C. § 1681p, 12 U.S.C. § 2614 and 28 U.S.C.
§ 1367.

2.

Plaintiffs Nickalas Bradshaw and Megan Bradshaw ("plaintiffs") are each a "consumer"
within the meaning of 15 U.S.C. § 1681a(c) and ORS 646.639.

3.

Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc.
("Experian") and Equifax Information Services LLC ("Equifax") are each a consumer reporting
agency as defined by 15 U.S.C. § 1681a(f).

4.

In 2009 plaintiffs entered into a mortgage modification with BAC Home Loans Servicing,
LP. ("BAC") to modify the mortgage on plaintiffs' residence.  BAC and plaintiffs agreed upon
the terms of the modification, signed the modification documents and plaintiffs have performed
according to the loan modification.

5.

Despite plaintiffs' performance of the modified loan, BAC claims that plaintiffs are failing
to make payments as agreed, charged late fees, threatened to foreclose and have repeatedly
attempted to collect more than the parties agreed plaintiffs would pay.

6.

Beginning in 2009, Trans Union, Experian, and Equifax reported false and  derogatory
information regarding plaintiffs on their credit reports.  Plaintiffs disputed the accuracy of the

Page 2 COMPLAINT

false and derogatory information in their credit reports.  Trans Union, Experian and Equifax continued to report false information regarding plaintiffs.

7.

In 2009, BAC Home Loans Servicing, LP. ("BAC") reported false and incomplete information regarding plaintiffs to one or more national credit reporting agencies.  In 2009, plaintiffs wrote to Trans Union, Experian, and Equifax, to dispute the false and incomplete information in their credit reports.  Trans Union, Experian and Equifax communicated plaintiffs' disputes to BAC.  BAC failed to conduct a reasonable reinvestigation of the disputed account information, resulting in the false, incomplete and derogatory information continuing to be reported in plaintiffs' credit reports.

FIRST CLAIM FOR RELIEF

(15 U.S.C. § 1681n – Trans Union, Experian, and Equifax)

8.

Plaintiffs reallege paragraphs 1- 7 as if fully set forth herein.

9.

Trans Union, Experian and Equifax willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and,

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

10.

As a result of  Trans Union, Experian and Equifax's violations of the FCRA, plaintiffs have suffered and continue to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

11.

Plaintiffs are entitled to punitive damages in an amount to be determined by the jury.

12.

Plaintiffs are entitled to their attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(15 U.S.C. § 1681o – Trans Union, Experian and Equifax)

13.

Plaintiffs reallege paragraphs 1 - 7 as if fully set forth herein.

14.

Trans Union, Experian and Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e; and,

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

15.

As a result of Trans Union, Experian and Equifax's violations of the FCRA, plaintiffs have suffered and continue to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, invasion of privacy, and humiliation, in an amount to be determined by the jury.

16.

Plaintiffs are entitled to their attorney fees, pursuant to 15 U.S.C. § 1681o(a).

THIRD CLAIM FOR RELIEF

(15 U.S.C. § 1681n – BAC)

17.

Plaintiffs reallege paragraphs 1 - 7 as if fully set forth herein.

18.

BAC willfully failed to comply with the requirements of  15 U.S.C. § 1681s-2(b).

19.

As a result of BAC's violations of the FCRA, plaintiffs have suffered damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, and other damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

20.

Plaintiffs are entitled to their attorney fees, pursuant to 15 U.S.C. § 1681n(a).

21.

Plaintiffs are entitled to punitive damages in an amount to be determined by the jury.

Page 5 COMPLAINT

FOURTH CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(15 U.S.C. § 1681o – BAC)

22.

Plaintiffs incorporate paragraphs 1-5 as if fully set forth herein.

23.

BAC negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

24.

As a result of BAC's violations of the FCRA, plaintiffs have suffered and continue to

suffer damages, including denial of credit, lost opportunity to receive credit, damage to

reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages

in an amount to be determined by the jury in addition to statutory damages in an amount to be

determined by the Court.

25.

Plaintiffs are entitled to their attorney fees, pursuant to 15 U.S.C. § 1681o(a).

FIFTH CLAIM FOR RELIEF

REAL ESTATE SETTLEMENT PROCEDURES ACT

(12 U.S.C. § 2605 - BAC)

26.

BAC has failed to respond to plaintiffs' inquiries and make appropriate corrections as

required by 12 U.S.C. § 2605.

27.

As a result of BAC's violations of the FCRA, plaintiffs have suffered and continue to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

SIXTH CLAIM FOR RELIEF

Unlawful Debt Collection Practices Act

(ORS 646.639 - BAC)

28.

BAC's attempts to collect more than the plaintiffs agreed to pay and BAC agreed to accept, BAC's attempt to collect late fees and threats to foreclose are a violation of the UDCPA.

29.

Plaintiffs are entitled to their attorney fees, pursuant to ORS 646.641.

30.

As a result of BAC's violations of the UDCPA, plaintiffs have suffered and continue to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

<u>PRAYER</u>

Plaintiffs demand a jury trial on all claims.  Wherefore plaintiffs pray for a judgment as follows:

1.      On Plaintiffs' First Claim for Relief for willful violations of the FCRA against Trans Union, Experian and Equifax:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Punitive damages in an amount to be determined by the jury; and,

      c.      Attorney fees and costs.

2.      On Plaintiffs' Second Claim for Relief for negligent violations of the FCRA against Trans Union, Experian and Equifax:

      a.      Actual damages in an amount to be determined by the jury; and,

      b.      Attorney fees and costs.

3.      On Plaintiffs' Third Claim for Relief for willful violations of the FCRA against BAC:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Punitive damages in an amount to be determined by the jury; and,

      c.      Attorney fees and costs.

4.      On Plaintiffs' Fourth Claim for Relief for negligent violations of the FCRA against BAC:

      a.      Actual damages in an amount to be determined by the jury; and,

      b.      Attorney fees and costs.

5.      On Plaintiffs' Fifth Claim for Relief for violations of RESPA against BAC:

Page 8 COMPLAINT

      a.      Actual damages in an amount to be determined by the jury;

      b.      Statutory damages in the amount of $1,000; and

      c.      Attorney fees and costs.

6.      On Plaintiffs' Sixth Claim for Relief for violations of the UDCPA against BAC:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Punitive damages;

      c.      An order enjoining BAC from violating the UDCPA;

      d.      Attorney fees and costs.

DATED April 14, 2010

/s/ Keith D. Karnes
**JUSTIN M. BAXTER**, OSB# 99217
Justin@baxterlaw.com
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

**KEITH D. KARNES**, OSB# 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines
1599 State St.
Salem, OR  97309-0829
Telephone (503) 362-9393
Facsimile (503) 362-1375
Attorneys for Plaintiff

Page 9 COMPLAINT