Reilley D. Keating, OSB No. 073762
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone:   (503) 294-9823
Facsimile:   (503) 220-2480
E-mail:       rdkeating@stoel.com

Angela M. Taylor, CA State Bar No. 210425
*Admitted Pro Hac Vice*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539
E-mail:       angelataylor@jonesday.com

Attorneys for Defendant Experian Information Solutions, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| NICKALAS BRADSHAW, MEGAN BRADSHAW,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BAC HOME LOANS SERVICING, LP, a foreign corporation; TRANS UNION, LLC, a foreign company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and EQUIFAX INFORMATION SERVICES LLC, a foreign corporation.<br><br>                   Defendants. | Case No. 10-0438-HA<br><br>CONFIDENTIAL DECLARATION OF TERESA IWANSKI IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Exhibits Submitted Separately Under Seal Pursuant to LR 3-8]** |

## DECLARATION OF TERESA IWANSKI

I, Teresa Iwanski, declare and state as follows:

1.      I am a Senior Legal and Compliance Specialist in the National Consumer Assistance Center of Experian Information Solutions, Inc. ("Experian") located in Allen, Texas. I began my employment with Experian as a Customer Service Representative in 2003.  My responsibilities include processing, responding, and examining consumer complaints; verifying and updating consumers' credit profile disputes; and researching records relating to consumer complaints.  Based upon my experience with Experian, I am familiar with Experian's procedures pertaining to consumer disputes, Experian's procedures pertaining to consumer requests for copies of their credit files, and with the business records maintained by Experian's National Consumer Assistance Center.

2.      My duties at Experian include serving as a custodian of records on behalf of Experian with respect to entries that appear on consumer reports and credit files, as well as records of consumer inquiries.  I am familiar with the manner and procedures by which the records, letters, and memoranda contained in Experian's files are prepared and maintained. Those records, letters, and memoranda are prepared by agents or employees of Experian in performance of their regular business duties.  Those records, letters, and memoranda are made either by persons with knowledge of the matters they record or from information supplied by persons with such knowledge.  It is Experian's regular business practice to maintain such records, letters, or memoranda in the course of its business.

3.      Unless otherwise stated, the facts set forth herein are based upon my personal knowledge and, if I were called upon to testify to them, I could and would competently do so.

4.      Attached hereto as Exhibit "A" is a true and correct copy of Experian's credit disclosure for Megan Bradshaw, dated November 20, 2009.

5.      Attached hereto as Exhibit "B" is a true and correct copy of the Automated Consumer Dispute Verification received by Experian from Bank of America regarding Megan Bradshaw on December 14, 2009.

6.      Attached hereto as Exhibit "C" is a true and correct copy of the results of Experian's reinvestigation requested by Megan Bradshaw, dated December 14, 2009.

7.      Attached hereto as Exhibit "D" is a true and correct copy of the Automated Consumer Dispute Verification received by Experian from Bank of America regarding Megan Bradshaw on February 24, 2010.

8.      Attached hereto as Exhibit "E" is a true and correct copy of the results of Experian's reinvestigation requested by Megan Bradshaw, dated February 24, 2010.

9.      Attached hereto as Exhibit "F" is a true and correct copy of the Automated Consumer Dispute Verification received by Experian from Bank of America regarding Megan Bradshaw on July 26, 2010.

10.      Attached hereto as Exhibit "G" is a true and correct copy of Experian's credit disclosure for Megan Bradshaw, dated July 26, 2010.

11.      Attached hereto as Exhibit "H" is a true and correct copy of Experian's credit disclosure for Nikalas Bradshaw, dated November 19, 2009.

12.      Attached hereto as Exhibit "I" is a true and correct copy of the Automated Consumer Dispute Verification received by Experian from Bank of America regarding Nikalas Bradshaw on December 14, 2009.

13.      Attached hereto as Exhibit "J" is a true and correct copy of the results of Experian's reinvestigation requested by Nikalas Bradshaw, dated December 14, 2009.

14.      Attached hereto as Exhibit "K" is a true and correct copy of the results of Experian's reinvestigation requested by Nikalas Bradshaw, dated February 24, 2010.

15.    Attached hereto as Exhibit "L" is a true and correct copy of the Automated Consumer Dispute Verification received by Experian from Bank of America regarding Nikalas Bradshaw on July 26, 2010.

16.    Attached hereto as Exhibit "M" is a true and correct copy of Experian's credit disclosure for Nikalas Bradshaw, dated July 26, 2010.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was made this 22nd day of June, 2011, in Allen, Texas.

_Teresa Iwanski_

Teresa Iwanski