Reilley D. Keating, OSB No. 073762
rdkeating@stoel.com
Peter D. Sax, OSB No. 101969
pdsax@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Angela M. Taylor, CA State Bar No. 210425
*Admitted Pro Hac Vice*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:    (949) 851-3939
Facsimile:    (949) 553-7539
E-mail:       angelataylor@jonesday.com

Attorneys for Defendant Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NICKALAS BRADSHAW, MEGAN BRADSHAW,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BAC HOME LOANS SERVICING, LP, a foreign corporation; TRANS UNION, LLC, a foreign company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, and EQUIFAX INFORMATION SERVICES LLC, a foreign corporation.<br><br>                    Defendants. | Case No. 10-0438-HA<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

Page

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Factually Accurate Delinquencies Are Not Made "Inaccurate" Under The FCRA When A CRA Declines To Make Assessments About The Validity Of A Consumer's Dispute That It Is Neither Qualified Not Required To Make | 2 |
| | | 1. Experian is not obligated to resolve the dispute between Plaintiffs and Bank of America | 2 |
| | | 2. Plaintiffs' claims are based on the misguided assumption that a valid loan modification agreement existed | 4 |
| | | 3. Plaintiffs' attempts to distinguish Carvalho and DeAndrade fail | 5 |
| | B. | Plaintiffs' Arguments Regarding The Reasonableness Of Experian's Reinvestigation Are Both Unavailing And Inconsequential | 7 |
| | | 1. Plaintiffs provide no basis for their assertion that Experian's reliance on its ACDV communications with Bank of America was unreasonable in this case | 7 |
| | | 2. Section 1681i does not require Experian to "forward" all documents it received from consumers to data furnishers | 9 |
| | | 3. Experian was not required to delete the disputed information pursuant to § 1681i(a)(5) because Bank of America verified the information | 11 |
| | C. | The Record Contains No Evidence of Willfulness | 12 |
| III. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

**Page**

**CASES**

Apodoca v. Discover Fin. Serv.,
   417 F. Supp.2d 1220 (D.N.M. 2006) ..........................................................................................8

Cairns v. GMAC Mort.,
   2007 U.S. Dist. LEXIS 16689 (D. Ariz., March 7, 2007) ..........................................................8

Carvalho v. Equifax Info. Servs.,
   LLC, 588 F. Supp. 2d 1089 (N.D. Cal. 2008), *aff'd* 629 F.3d 876 (9th Cir. 2010) ......... passim

Cushman v. Trans Union Corp.
   115 F.3d 220 (3rd Cir. 1997). (Opp. at 28-29) .........................................................................8

Davis v. Equifax Info. Servc. LLC,
   346 F.Supp.2d 1164,1176 (N.D. Ala. 2004) ............................................................................10

DeAndrade v. Trans Union LLC.,
   523 F.3d 61 (1st Cir. 2008)..............................................................................................1, 2, 3, 5

Dennis v. BEH-1, LLC,
   520 F.3d 1066 (9th Cir. 2008) .................................................................................................3, 6

Gorman v. Wolpoff & Abramson, LLP,
   584 F.3d 1147 (9th Cir. 2009) ....................................................................................................9

Lambert v. Beneficial Mort.,
   2007 U.S. Dist. LEXIS 33119 (W.D. Wash. 2007) ...................................................................8

Lee v. Experian Info. Solutions,
   No. 02 C 8424, 2003 U.S. Dist. LEXIS 17420 (N.D. Ill. Oct. 1, 2003) ....................................7

Morris v. Trans Union LLC,
   420 F.Supp.2d 733 (S.D.Tex. 2006) .......................................................................................10

Paul v. Experian Info. Solutions, Inc.,
   No. 09-1102, 2011 U.S.Dist. LEXIS 68292 (D. Minn. June 22, 2011)............................10, 12

Rapanos v. United States,
   547 U.S. 715 (2006)..................................................................................................................10

Safeco Insurance Co. of America v. Burr,
   551 U.S. 47 (2007).................................................................................................................2, 12


Shannon v. Equifax Info. Servs., LLC,
   No. 09-3138, 2011 U.S. Dist. LEXIS 7644 (E.D. Pa. Jan 26, 2011) ........................................12

**STATUTES**

15 U.S.C. § 1681i(a)(5) ................................................................................................................11, 12

Consumer Financial Protection Act of 2010 ("CFPA") 12 U.S.C. § 5301 *et seq.* ..........................9

**OTHER AUTHORITIES**

August 2006 "Report to Congress on the Fair Credit Reporting Act Dispute Process" ..................9

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits the following Reply to Plaintiff's Opposition to Experian's Motion for Summary Judgment:

## I.     INTRODUCTION

Plaintiffs do not contest that they and Bank of America were involved in a legal dispute over the existence of a loan modification agreement. Instead, Plaintiffs attempt to circumvent this issue by arguing that because Bank of America changed its reporting of account xxxx5369 ("Bank of America account") after this lawsuit was filed, "Plaintiffs are and always were correct about the true status of the loan." Plaintiffs' argument fails. First, the undisputed facts show that Plaintiffs and Bank of America were involved in a dispute over the existence of a loan modification agreement while Plaintiffs were disputing Experian's reporting of the Bank of America account. The Bank of America account was not updated until Plaintiffs and defendant BAC Home Loans Servicing reached a resolution in this case. Second, Plaintiffs fail to account for their own admissions that Bank of America repeatedly informed them that their loan modification application was not approved.

As a matter of law, Experian is not required to serve as a tribunal over the contract dispute between Plaintiffs and Bank of America. Moreover, the question of whether a loan modification agreement exists between Plaintiffs and Bank of America is "not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation." Carvalho v. Equifax Info. Servs., LLC, 588 F. Supp. 2d 1089, 1097 (N.D. Cal. 2008), aff'd 629 F.3d 876, 881 (9th Cir. 2010), quoting DeAndrade v. Trans Union LLC., 523 F.3d 61, 68 (1st Cir. 2008). Choosing to ignore the binding precedent established in Carvalho, Plaintiffs attempt to avoid summary judgment by arguing that Experian reported inaccurate information. However, all of the alleged "inaccuracies" are based on the assumption that a valid loan modification agreement existed, an assumption contested by Bank of America.

In addition, because the accuracy of the information reported is a threshold issue for Plaintiffs' §§ 1681i and 1681e(b) claims, Plaintiffs' allegations concerning the reasonableness of Experian's reinvestigations and procedures are moot because Plaintiffs cannot prove that

PAGE 1 -  EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
              MOTION FOR SUMMARY JUDGMENT
IRI-24324v2

Experian's reporting of the Bank of America account was inaccurate. In short, Plaintiffs cannot satisfy the inaccuracy element of their claims and this also entitles Experian to summary judgment as a matter of law.

Finally, Plaintiffs argue that Experian is not entitled to summary judgment on their willfulness claim because of the manner in which Experian reinvestigated Plaintiffs' disputes. However, Experian's reinvestigation of Plaintiffs' disputes comported with the requirements of the FCRA in all respects. Not only does Experian's interpretation of §1681i fail to constitute "reckless disregard" required by Safeco, Experian's reinvestigation is no violation at all. See Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Accordingly, Plaintiffs' claims for punitive damages also must fail as a matter of law.

## II. ARGUMENT

### A. Factually Accurate Delinquencies Are Not Made "Inaccurate" Under The FCRA When A CRA Declines To Make Assessments About The Validity Of A Consumer's Dispute That It Is Neither Qualified Not Required To Make.

#### 1. Experian is not obligated to resolve the dispute between Plaintiffs and Bank of America.

Plaintiffs do not attempt to dispute Experian's recitation of the binding Ninth Circuit case law which holds that a consumer's dispute of the underlying legal validity of a credit item is not a dispute of the factual accuracy of the information appearing on a consumer's file, and, consequently does not amount to an FCRA claim. See Carvalho, 629 F.3d at 892. As the Ninth Circuit recently held, "credit reporting agencies are not tribunals." Carvalho, 629 F.3d at 891. Whether a valid loan modification agreement existed between Plaintiffs and Bank of America is a legal issue that Experian "is neither qualified not obligated to resolve under the FCRA." Carvalho, 588 F. Supp. 2d at 1096 (quoting DeAndrade, 523 F.3d at 68), aff'd, id. Accordingly, "a consumer disputing the legal validity of [the reporting of] a debt that appears on [their] credit report should first attempt to resolve the matter directly with the creditor or furnisher." Carvalho, 629 F.3d at 892. "A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid

defense "is a question for a court to resolve in a suit against the [creditor], not a job imposed upon consumer reporting agencies by the FCRA." Id. at 892, citing DeAndrade, 523 F.3d at 68.

Plaintiffs argue that Bank of America's December 2010 instruction to update the account proves that "Plaintiffs are and always were correct about their payment status." (Plaintiffs' Opposition to Experian's Motion for Summary Judgment [Doc. No. 77] ("Opp.") at 49). Plaintiffs further contend that because Bank of America instructed Experian to update the reporting of the account in December 2010, "this alone is enough to satisfy the inaccuracy requirements of *Guimond* and *Dennis*." (Opp. at 50). Both of these statements highlight Plaintiffs' misunderstanding of Experian's obligations under the FCRA. It is undisputed that Bank of America and Plaintiffs were involved in an ongoing dispute over the existence of a loan modification agreement beginning in March 2009. (See Deposition of Nikalas Bradshaw dated January 27, 2011 ("Nikalas Depo I") at 31:2-7, attached as Exhibit A to the declaration of Angela M. Taylor filed in support of Experian's Motion for Summary Judgment [Doc. No. 62]). Plaintiffs assert that by signing the loan modification agreement in March 2009 and returning it to Countrywide, the parties ***should*** have had an agreement to modify the loan. However, Plaintiffs also admit that they were informed on multiple occasions by Bank of America that the loan modification was not approved (Nikalas Depo I at 31:2-7, 38:24-39:2, Deposition of Nikalas Bradshaw dated April 6, 2011 ("Nikalas Depo II") at 54:21-24, 55:13-56:18, attached as Exhibit B to the declaration of Angela M. Taylor filed in support of Experian's Motion for Summary Judgment [Doc. No. 62]; see also Deposition of Megan Bradshaw dated January 27, 2011 ("Megan Depo"). at 31:19-32:4, attached as Exhibit C to the declaration of Angela M. Taylor filed in support of Experian's Motion for Summary Judgment [Doc. No. 62]). When Plaintiffs contacted Experian in November 2009 and February 2010 regarding the reporting of the Bank of America account, the dispute between Plaintiffs and Bank of America still existed. Under Carvalho, the question of whether a valid loan modification agreement existed between Plaintiffs and Bank of America is not a factual inaccuracy that Experian could have uncovered

through a reasonable reinvestigation, but rather a legal issue of contract analysis and corporate successor liability that Experian is neither qualified nor obligated to resolve.

Further, that Bank of America instructed Experian to update the reporting of the Bank of America account in December 2010 is of no consequence to Plaintiffs' claims. As part of this lawsuit, Plaintiffs sued BAC Home Loans Servicing, LP ("BAC") regarding the disputed Bank of America account. Bank of America did not instruct Experian to update the reporting of the disputed account until *after* BAC and Plaintiffs reached an agreement to resolve Plaintiffs' claims against BAC. In fact, Plaintiffs testified that they could not answer questions regarding the updates made to the Bank of America account because it was handled directly between Plaintiffs' attorney and BAC. (See Nikalas Depo II, 160:2-25, 161:1-24, attached as Exhibit B to the declaration of Angela M. Taylor in support of Experian's Reply Memorandum). This is the precise scenario contemplated by the Carvalho Court when it reasoned that an account cannot be considered inaccurate until the consumer has successfully resolved the underlying legal dispute. Here, the Bank of America account was only updated after commencement of this litigation. Bank of America's instruction to Experian to update the account in December 2010 is not sufficient to show the necessary inaccuracy requirement for Plaintiffs' FCRA claims.

        **2.    Plaintiffs' claims are based on the misguided assumption that a valid loan modification agreement existed.**

Plaintiffs further attempt to avoid summary judgment by arguing that Experian's reporting of the Bank of America account was inaccurate because it (1) listed the wrong monthly payment amount, (2) reported past due balances, and (3) reported missed payments for April 2009 and August 2009. (Opp. at 49-51). However, all of Plaintiffs' arguments rely on the assumption that a valid loan modification agreement existed between Plaintiffs and Bank of America – *the very issue in dispute between Plaintiffs and BAC in this very case*.

First, Plaintiffs claim that Experian's reporting of the monthly payment amount for the Bank of America account was inaccurate because it failed to list the new payment amount that Plaintiffs believe was established through the loan modification agreement. (Opp. at 50). This

PAGE 4 - EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
         MOTION FOR SUMMARY JUDGMENT

IRI-24324v2

alleged inaccuracy presumes that a valid loan modification agreement existed.  Second, Plaintiffs claim that Experian's reporting of a missed payment in April 2009 was inaccurate because under the loan modification agreement they were not required to make a payment in April 2009.  (Opp. at 50).  Plaintiffs admit that they did not make a payment in April 2009, but instead argue that they were not legally required to do so under the terms of the loan modification agreement.  (Nikalas Depo I at 33:11-12).   Third, Plaintiffs argue that Experian incorrectly reported a "false past due balance."  (Opp. at 50).  However, Plaintiffs admit that in May, June, July and September of 2009, they only made a monthly payment of $1,372.00 despite receiving monthly statements which showed that they were to pay $1,515.54 per month.  (Nikalas Depo I. at 42:11-43:14).  Finally, in a last ditch effort to support their inaccuracy claims, Plaintiffs argue that by reporting a monthly payment amount of $1,478 in November 2009 and a monthly payment amount of $1,515 in July 2010,  Experian's reports must be inaccurate "because plaintiffs had a fixed-rate mortgage." (Opp. at 50).   However, this argument fails to account for the variation in taxes and escrow fees associated with the property and incorporated into Plaintiffs' monthly payment amount. (See Nikalas Depo II 50:25-51:8, attached as Exhibit B to the declaration of Angela M. Taylor in support of Experian's Reply Memorandum).

Plaintiffs' attempts to claim an inaccuracy to avoid summary judgment fall short.  Plaintiffs' arguments are based on their belief that a loan modification agreement existed with Bank of America.  However, Plaintiffs cannot cite to ***any authority*** which suggests that it was Experian's legal duty, in accordance with its reinvestigation obligation, to determine whether a valid loan modification agreement existed between Plaintiffs and Bank of America.  Thus, the Court should grant judgment to Experian as a matter of law.

### 3. Plaintiffs' attempts to distinguish Carvalho and DeAndrade fail.

Plaintiffs make a cursory attempt to distinguish the facts of this case from the facts in both Carvalho and DeAndrade.  Plaintiffs argue that DeAndrade should not apply because the Plaintiff was not disputing "that the data was false." (Opp. at 41). Similarly, Plaintiffs argue that Carvalho should not apply because the plaintiff in that case did not "contend that the CCS

PAGE 5  -  EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT
IRI-24324v2

collection account did not pertain to her, that the amount past due is not high or too low, or that any of the listed dates are wrong." (Opp. at 41). In essence, Plaintiffs are attempting to argue that because Plaintiffs are disputing the reporting of the Bank of America account, (i.e., false amounts due, false balances and false late payments), they are making a factual dispute rather than a legal dispute. Plaintiffs' argument fails because all of the alleged inaccuracies first require a legal determination concerning the existence of a loan modification agreement.

Next, Plaintiffs argue that their dispute letters to Experian did not require Experian to "provide a legal opinion on the merits." (Opp. at 41). Plaintiffs claim that "[t]he documents on their face establish that plaintiffs were correct." (Opp. at 41). Plaintiffs also argue that the question of whether a valid loan modification agreement existed was not a legal opinion, but rather a factual determination. (Opp. at 42).

This argument flies in the face of the Ninth Circuit's holding in Carvalho. Plaintiffs suggest that Experian should have been able to review the Countrywide letter provided by Plaintiffs and unilaterally determine that a loan modification agreement existed with Bank of America. Plaintiffs' position requires Experian to ignore the repeated verifications and reporting by Bank of America which contradict Plaintiffs' claims. Plaintiffs' position also requires that Experian assume that none of the exceptions listed on the second page of the Countrywide letter apply to the Plaintiffs. Finally, Plaintiffs ask that Experian make this determination despite the fact that the loan modification agreement provided by Plaintiffs was only signed by the Plaintiffs and not by either Countrywide or Bank of America.

Finally, Plaintiffs argue that Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008) is instructive. However, not only is Dennis distinguishable, but it also emphasizes the reason why Experian should not be required to make a legal determination concerning the existence of a valid loan modification agreement in this case. In Dennis, Experian's third party vendor failed to correctly verify public record information that showed that there was no adverse judgment against the plaintiff. Id. The court ruled that Experian was negligent when it failed to catch the third party vendor's error by checking the public record. Id. at 896. In the present case, there

PAGE 6  -  EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
            MOTION FOR SUMMARY JUDGMENT
IRI-24324v2

was no easily accessible database which Experian could have checked to see whether a loan modification agreement existed between Plaintiffs and Bank of America. Consequently, there was no factual inaccuracy that Experian could have uncovered by any further investigation. Instead, the question of whether a loan modification agreement existed between Plaintiffs and Bank of America is a legal issue that Experian is neither qualified nor obligated to resolve.

B.  **Plaintiffs' Arguments Regarding The Reasonableness Of Experian's Reinvestigation Are Both Unavailing And Inconsequential.**

Experian has already set forth, in its Memorandum in Support of its Motion for Summary Judgment [Doc. No. 61], the legal precedent which establishes that the reasonableness of its reinvestigation is not relevant in this case unless and until the court determines that the reporting was inaccurate. Furthermore, as discussed in Section II.A. of this Reply, a consumer's dispute of the underlying legal validity of a credit item is not a dispute of the factual accuracy of the information appearing on a consumer's credit file, and does not amount to an FCRA claim. Carvalho, 629 F.3d at 892. Despite this clear authority, Plaintiffs have asked the Court to ignore the fatal flaw in their *prima facie* case and address their reasonableness claims. However, since Plaintiffs fail to satisfy the threshold requirement of showing an inaccuracy, the Court need to inquire further into the "reasonableness" of Experian's reinvestigations. Nonetheless, Experian will show that its reinvestigations of the disputed account were "reasonable."

1.  **Plaintiffs provide no basis for their assertion that Experian's reliance on its ACDV communications with Bank of America was unreasonable in this case.**

Courts have repeatedly held, as a matter of law, that absent exceptional circumstances, CRAs are entitled to rely on the ACDV process to satisfy their reinvestigation obligations under the FCRA. See, e.g., Lee v. Experian Info. Solutions, No. 02 C 8424, 2003 U.S. Dist. LEXIS 17420, at *19-22 (N.D. Ill. Oct. 1, 2003) (granting summary judgment for Experian and holding that its reliance on its electronic communications with the furnisher of disputed data was reasonable as a matter of law because even though plaintiff had submitted repeated disputes, the data furnisher had completed its investigation, modified some, but not all of the disputed

PAGE 7 - EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

IRI-24324v2

information, and Experian had no reason to believe that the furnisher had conducted anything less than a complete investigation before composing its ACDV response).

Plaintiffs contend that Experian had a duty to conduct a broader independent reinvestigation by reciting a series of quotes from various opinions, none of which have any factual relation to this case.  In support of this theory, Plaintiffs rely on the Third Circuit's opinion in Cushman v. Trans Union Corp. 115 F.3d 220, 225 (3rd Cir. 1997).  (Opp. at 28-29).  Cushman was a case involving allegations of third-party fraud.  Cushman, 115 F.3d at 222-223.  The court held that while "absent any indication that the information is inaccurate, the [FCRA] does not mandate" that a CRA go beyond the original source of information, because the *Cushman* furnisher would have had no way of knowing of the alleged fraud, the defendant CRA should have considered it to be unreliable and conducted a broader reinvestigation.  Id. at 222-265.  Here, unlike a third-party fraud situation, Experian could reasonably rely on Bank of America's ACDV response.

Further cases relied upon by Plaintiffs are factually distinguishable in that they involve situations where a CRA could have consulted some independent third-party source to determine the accuracy of the disputed information.  For example, in both Apodoca v. Discover Fin. Serv., 417 F. Supp.2d 1220 (D.N.M. 2006) and Cairns v. GMAC Mort., 2007 U.S. Dist. LEXIS 16689 (D. Ariz., March 7, 2007), the disputes involved the reporting of information associated with public records and there existed a reliable external source of information that the CRA could have consulted.  In contrast, in the present case there was no public record or independent source of information that Experian could have consulted to determine whether the Bank of America account was reporting accurately.

Finally, Plaintiffs argue that the Court's holding in Lambert is instructive.  Lambert v. Beneficial Mort., 2007 U.S. Dist. LEXIS 33119 (W.D. Wash. 2007).  In Lambert, the Court held that when the defendant credit reporting agency reported the same account, one for each spouse, differently on the same day, this was sufficient evidence that at least one of the reports was inaccurate.  Id.  These facts are distinguishable from the present case.  Here, Plaintiffs can

PAGE 8  -  EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
           MOTION FOR SUMMARY JUDGMENT
IRI-24324v2

provide no evidence that the reporting of the Bank of America on both Plaintiffs' Experian credit files was even inconsistent.

In sum, Plaintiffs have done nothing more than grab sound-bites from wholly inapposite cases to argue that CRAs may not reasonably rely on the ACDV system. In the situation presented by this case, the law clearly demonstrates that a CRA's employment of the ACDV system meets the FCRA's requirements.

### 2. Section 1681i does not require Experian to "forward" all documents it received from consumers to data furnishers.

Plaintiffs claim that the "all relevant information" provisions of §1681i necessarily required Experian to forward a copy of the documents provided by Plaintiffs with their dispute letters to Bank of America is contradicted by the words of the Federal Trade Commission ("FTC"), which until only recently governed the implementation, oversight and interpretation of the FCRA.[1]  See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1173 n.35 (9th Cir. 2009) (noting that the FTC is charged with enforcing the FCRA). In its August 2006 "Report to Congress on the Fair Credit Reporting Act Dispute Process,"[2] the FTC stated the following regarding the use by CRAs of documents submitted by consumers to support their disputes:

> With respect to the FCRA's requirement that CRAs forward to the furnisher "all relevant information," it appears that **CRAs generally do not convey to furnishers documents that some consumers give CRAs in connection with their disputes**. By itself, however, **this does not mean that CRAs fail to convey "all relevant information" to furnishers**. It is unclear how often consumers submit documents along with their disputes, or how often these documents contain relevant information. When consumers do submit documents, the **CRAs summarize the information in a numeric code supplemented, in some instances, by a narrative in a free-form field**. Although **this process may be sufficient in most cases to resolve the dispute properly**, in certain situations, the failure to convey the actual documents may lead to incorrect outcomes.

---

[1] The Consumer Financial Protection Act of 2010 ("CFPA") 12 U.S.C. § 5301 et seq., created the Consumer Financial Protection Bureau ("CFPB"), which assumed the primary regulatory function under the FCRA as of July 21, 2011. The CFPB has not yet released any interpretation of the provisions of the FCRA.

[2] The FTC's Report to Congress is attached as Exhibit A to the declaration of Angela M. Taylor filed contemporaneously with this Memorandum. The excerpt cited above can be found on pages 33 and 34 of the Report.

PAGE 9 - EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

IRI-24324v2

"An agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable and not in conflict with the expressed intent of Congress." <u>Rapanos v. United States</u>, 547 U.S. 715, 766 (2006) (citations omitted). In its statement above, the FTC made clear its position that §1681i(a)'s "all relevant information" requirements permit, at least in most cases, a CRA to summarize a proof document rather than send the full document to the furnisher.

Furthermore, several courts have also held that the FCRA does not require a credit reporting agency, such as Experian, to forward documents to a data furnisher in order to satisfy its obligations. See <u>Paul v. Experian Info. Solutions, Inc</u>., No. 09-1102, 2011 U.S.Dist. LEXIS 68292 (D. Minn. June 22, 2011) (rejecting plaintiff's argument that the defendant CRA was required to forward a copy of the documents provided by plaintiff with its dispute); see also <u>Morris v. Trans Union LLC</u>, 420 F.Supp.2d 733, 753 (S.D.Tex. 2006) (defendant not required to include copy of plaintiff's dispute letter to satisfy "all relevant information requirement"); <u>Davis v. Equifax Info. Servc. LLC</u>, 346 F.Supp.2d 1164,1176 (N.D. Ala. 2004) (rejecting plaintiff's argument that "mere electronic communication is insufficient to comply with 1681i(a)(2)(A)"). In <u>Paul</u>, the plaintiff argued that Experian did not conduct a reasonable reinvestigation when it provided a summary of the proof document provided by plaintiff rather than forwarding the actual document to the furnisher. <u>Paul</u>, No. 09-1102, 2011 U.S.Dist. LEXIS 68292 (D. Minn. June 22, 2011). The Court disagreed with the plaintiff ruling that plaintiff's "unsupported conjecture that sending the letter to U.S. Bank would have led to greater report accuracy has no basis." <u>Id</u>. at *7. Similarly, in <u>Morris</u>, the court granted the defendant CRA's summary judgment motion because the plaintiff could not prove that if the CRA had provided the furnisher with additional details about his dispute, such would have caused the furnisher to submit a different response. <u>Morris</u>, 420 F.Supp.2d 733, 753. The <u>Morris</u> Court held that because the furnisher knew enough about the details of the plaintiff's dispute, any additional information provided by the CRA would have had no effect on the outcome of the reinvestigation. "[E]ven if Defendant had provided additional information, [the furnisher's] response would not have changed."). <u>Id</u>.

Here, Plaintiffs cannot prove that any additional reinvestigation measures would have had an impact on the outcome of the reinvestigations. Plaintiffs allege that Experian's investigation was "both incomplete, and seemingly ad hoc," when it described the documents provided by Plaintiffs in two different manners. (Opp. at 53). However, Plaintiffs fail to offer testimony from anyone at Bank of America, or any type of evidence whatsoever, to suggest that Bank of America would not have verified the disputed information if Experian had provided copies of the documents. In fact, Plaintiffs admit that as of October 2009 – only one month before Plaintiffs' first reinvestigation request to Experian – Bank of America maintained that there was no loan modification agreement in effect. Accordingly, Plaintiffs have no basis for their claim that the disputed information would not have been verified if Experian had transmitted the documents provided by Plaintiffs to Bank of America, rather than the ACDV description that was used.

### 3. Experian was not required to delete the disputed information pursuant to § 1681i(a)(5) because Bank of America verified the information.

Plaintiffs allege that Experian "failed to delete information that was inaccurate, incomplete or which cannot be verified" as allegedly mandated by 15 U.S.C. § 1681i(a)(5). (See Opp at 28 and 57). Section 1681i(a)(5) states:

> If, after any reinvestigation . . . of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall . . . promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation . . . .

§1681i(a)(5). The section is inapplicable because Bank of America did in fact verify the reporting of the Bank of America account in its responses to Experian's inquiries. Here, not only did Bank of America verify its reporting of the disputed account, but it did so with notice of the existence of the March 2009 letter from Countrywide. (See Confidential Declaration of Teresa Iwanski [filed under seal as Docket No. 66], Ex. D, I).

Further, Plaintiffs' interpretation of § 1681i(a)(5) as requiring Experian to delete the disputed information after the receipt of verification from Bank of America would lead to an absurd result. Plaintiffs' argument suggests that if a CRA questions the authenticity or contents of a proof document, and the proof document is subsequently contradicted by the data furnisher during a reinvestigation, then the CRA should delete the disputed information. If CRAs were to follow Plaintiffs' directive, then anyone seeking to have negative information removed from their credit report could simply submit a fraudulent proof document to the CRAs and wait for them to delete the disputed information upon "contradictory" verification by the data furnishers. This absurd result demonstrates that Plaintiffs' interpretation of § 1681i(a)(5) is erroneous.

### C. The Record Contains No Evidence of Willfulness.

Plaintiffs' claim for willfulness is premised solely on their belief that Experian's reinvestigation constituted a violation of §1681i. (See Opp. at 57-58). Plaintiffs raise no genuine issue of material fact on this issue. Instead, Plaintiffs merely state that Experian's reinvestigation was unreasonable when it was conducted in accordance with Experian's policies. Federal courts across the county have upheld modern consumer reporting procedures as a matter of law. See Shannon v. Equifax Info. Servs., LLC, No. 09-3138, 2011 U.S. Dist. LEXIS 7644 at *28 (E.D. Pa. Jan 26, 2011)(citing cases and granting summary judgment as to punitive damages); see also Paul, No. 09-1102, 2011 U.S.Dist. LEXIS 68292 (D. Minn. June 22, 2011).

As Experian has demonstrated in this Memorandum, Experian's reinvestigation of Plaintiff's dispute comported with the requirements of the FCRA in all respects, and not only does its interpretation of 1681i fail to constitute "reckless disregard" required by Safeco, it does not constitute any violation at all. Because Plaintiffs are unable to provide evidence that Experian recklessly or intentionally violated their rights, Plaintiffs' claims for punitive damages must fail.

//

//

### III. CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant Experian's Motion for Summary Judgment in its entirety and enter Judgment in favor of Experian.

Dated: September 6, 2011

Respectfully submitted,

JONES DAY

By: /s/ Angela M. Taylor
    Angela M. Taylor

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I, Angela M. Taylor, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On September 6, 2011, I served a copy of the **EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by electronic transmission.

I am familiar with the United States District Court of Oregon's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Justin M. Baxter<br>Baxter & Baxter, LLP<br>8835 S.W. Canyon Lane<br>Suite 130<br>Portland, OR 97225-3429<br>(503)297-9031<br>(503) 291-9172 (fax)<br>justin@baxterlaw.com<br>Attorneys for Plaintiff | William R. Brown<br>Breanne J. Strubinger<br>Schuckit & Associates, PC<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>(317) 363-2400<br>(317) 363-2257 (fax)<br>wbrown@schuckitlaw.com<br>bstrubinger@schuckitlaw.com<br>Attorneys for Trans Union, LLC |

Executed on September 6, 2011, at Irvine, California.

/s/ Angela M. Taylor
Angela M. Taylor